UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER D. FAIRLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4182** |
| **JASON KENT, WARDEN** | **SECTION "A"(2)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

I.   FACTUAL BACKGROUND

The petitioner, Walter D. Fairley, is a convicted inmate currently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2] On January 13, 2014, Fairley was

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2] Rec. Doc. No. 1 at p. 1.

charged with armed robbery in a bill of information in St. Tammany Parish. The Louisiana First Circuit Court of Appeal summarized the facts proved at trial in pertinent part as follows:

> On November 4, 2013, the defendant entered Regions Bank on Gause Boulevard in Slidell. He approached teller Melissa Gerstner and handed her a note. The note instructed the teller to give him cash, to act normal, and not to set off any alarms. The last line of the note indicated the defendant was carrying a gun. The defendant did not show Melissa a gun, and she did not see a gun. She gave the defendant $1,978 in cash. Contained within the stack of cash was a dye pack. When the defendant left the bank with the money, the dye pack detonated. The defendant dropped the stained stack of money and fled in his GMC pickup truck. The police were immediately informed of the bank robbery; and within minutes, the defendant was stopped on the I-12 interstate on-ramp. The defendant was patted down, and was found to be carrying a handgun in his waistband. Melissa was brought to the scene, and she identified the defendant as the person who had just robbed her. The defendant was taken to the Slidell Police Department, where he was interviewed, and admitted to the robbery. Bank cameras captured several photographic stills of the defendant robbing Melissa. The defendant had on a blue long-sleeve dress shirt and a Saints cap. The police found the blue shirt and the Saints cap in the defendant's truck.
> . . . .
> [At trial,] Melissa testified the defendant handed her a note when he approached her. Melissa stated she read the note, and then dropped it to the floor, per the bank's protocol if a teller is robbed. Detective Shawn Bartley, with the Slidell Police Department, testified he found the note on the bank floor and secured it. The note, which was introduced into evidence, stated:
>> This is simple . . . cooperate and live. Don't and die. I've studied you and your family . . . No tricks–no alarms–act normal give me the cash–you won't get shot and I will leave. If they catch me before I leave the premises your family is done. After I'm gone stay calm approach your manager and tell them. If I pull this gun your [sic] shot!
> . . . .
> Detective Jeff Theriot, with the Slidell Police Department, testified that he was the lead detective and that he interviewed the defendant[.] Detective Theriot indicated the defendant admitted to him that he robbed Melissa and that he had a gun in his truck, but he did not bring the gun into the bank with him. The detective testified the defendant stated during his interview that as the teller "stretched things out" and was not being totally compliant, he

> grabbed his clothing near his waist, "[r]eferencing as if he were to have a firearm." According to the defendant/this action (of grabbing) was so overt that he was actually worried that other customers in the bank would realize what was going on. Detective Theriot was shown still photographs of the robbery taken from the bank cameras. The detective indicated that the defendant, during the robbery, had both of his shirts–his blue shirt and the T-shirt underneath–untucked.
>
> The defendant was stopped by the police only minutes after the robbery. When Officer Steven Gilley, with the Slidell Police Department, searched the defendant, he found a handgun in the defendant's front waistband. The gun had live ammunition in the cylinder.

State v. Fairley, No. 2014-1412, 2015 WL 996870, at *1-3 (La. App. 1st Cir. Mar. 6, 2015) (footnote omitted).

On May 22, 2014, at the conclusion of a jury trial, Fairley was found guilty as charged as to Count 1.[3] On July 3, 2014, Fairley was sentenced to 45 years in prison at hard labor without benefit of parole, probation or suspension of sentence.[4]

On direct appeal, Fairley asserted a single claim that the evidence was insufficient to support the armed robbery conviction; specifically, that the State failed to prove that he was armed with a firearm during the robbery.[5] On March 6, 2015, the Louisiana First Circuit affirmed the conviction and sentences, being "convinced that viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the

---

[3] State Rec. Vol. 1 of 4 at p. 78, Verdict Form (5/22/14).

[4] State Rec. Vol. 1 of 4 at pp. 26-27, Sentencing Minute Entry (7/3/14); State Rec. Vol. 2 of 4 at pp. 389-97, Sentencing Transcript (7/3/14).

[5] State Rec. Vol 3 of 4 at pp. 474-85, Original Brief of Defendant-Appellant; State v. Fairley, No. 2014 KA 1412, 2015 WL 996870, at *1 (La. 1 Cir. App. Mar. 6, 2015).

defendant was guilty of armed robbery while armed with a firearm."[6]

Fairley's conviction became final thirty (30) days later, on April 6, 2015,[7] when he did not seek reconsideration of the sentence or pursue review by the Louisiana Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[8]).

For more than one year after his conviction became final, Fairley took no action whatsoever to challenge his conviction and sentence. Instead, in November 2015, he filed a motion for production of his trial and sentencing transcripts, which was denied.[9]

On either May 3, 4 or 5, 2016,[10] more than one year after his conviction became final,

---

[6] State Rec. Vol 3of 4 at pp. 566-67, Louisiana First Circuit Court of Appeal Opinion (3/6/15); State v. Fairley, 2015 WL 996870 at *4.

[7] The 30th day after the appellate court's ruling was actually April 5, 2015, but that date was a Sunday. Thus, the next business day, Monday April 6, 2015, was the last date on which Fairly could have timely sought Louisiana Supreme Court review. La. Code Crim. P. art. 13; La. Rev. Stat. §1:55.

[8] The Cousin court recognized that failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period, citing State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Cousin, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[9] State Rec. Vol. 3of 4 at pp. 572-75, motion and state trial court order (11/2/15 and 11/6/15).

[10] Fairley wrote three different dates on his application for post-conviction relief: 5/3/16, 5/4/16 and 5/5/16, State Rec. Vol. 3 of 4 at pp. 577-89, application for post-conviction relief.

Fairley signed and submitted to the clerk of the state trial court an application for post-conviction relief. In that pleading, he asserted the following claims for relief: (1) ineffective assistance of trial counsel; (2) insufficiency of evidence; (3) due process violation; and (4) vindictive prosecution.

On June 24, 2016, the state trial court denied relief, finding all claims Fairley asserted in his application for post-conviction relief meritless.[11] Fairley timely filed an application for writs in the Louisiana First Circuit.[12] The appellate court denied the application by order dated October 31, 2016.[13]

On November 6, 2016, Fairley timely filed an application for a writ of review of the appellate court's ruling in the Louisiana Supreme Court, in which he argued the same claims outlined above that he had asserted in the Louisiana appellate court.[14] By order issued April 6, 2018, the Louisiana Supreme Court denied this application, finding that Fairley failed to establish ineffective assistance of counsel; failed to satisfy his post-conviction burden of

---

[11] State Rec. Vol. 3 of 4 at pp. 595-600, judgment on post-conviction with incorporated reasons (6/24/16).

[12] State Rec. Vol. 3 of 4 at pp. 603-04, notice of intent to file for supervisory writs and order (7/20/16); State Rec. Vol. 4 of 4 at pp. 612-31, application for supervisory review (8/1/16).

[13] State Rec. Vol. 3 of 4 at p. 605, First Circuit Court of Appeal denying writ application (10/31/16).

[14] State Rec. Vol. 4 of 4 at pp. 660-82, Application for Writ for Review Etc., La. S. Ct. Case No. 17-KH-0121 (11/6/16).

proof as to the vindictive prosecution and due process claims; and that the sufficiency of the evidence claim was repetitive.[15]

### III. FEDERAL HABEAS PETITION

On April 18, 2018, the clerk of this court filed Fairley's federal habeas corpus petition challenging his guilty plea in which he asserts two four claims: (1) His trial counsel provided ineffective assistance when counsel (a) conceded Fairley's guilt at a critical stage of trial, (b) failed to read, review and use potentially exculpatory information in the record, and (c) failed to investigate, locate and present the testimony of potential witnesses concerning the truthfulness of the State's witnesses and its case. (2) There was insufficient evidence to support the verdict. (3) A prosecution witness committed perjury. (4) He was vindictively prosecuted in violation of the fruit of the poisonous tree doctrine.[16] The State filed a response in opposition to Fairley's federal petition asserting that the petition is time-barred and reserving its right to argue other issues, including the merits of Fairley's claims, in the event this court finds the petition timely.[17]

### III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[15]State Rec. Vol 3 of 4 at pp. 556-57; Record Doc. No. 1 at pp. 109-10; State ex rel. Fairley v. State, No. 2017-KH-0121, 239 So. 3d 290, 2018 WL 1721803 (La. Aug. 3, 2018).

[16]Rec. Doc. No. 1 at pp. 8-26.

[17]Rec. Doc. No. 10.

including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[18] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Fairley's petition, which, for reasons discussed below, is deemed filed on April 15, 2018.[19] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record establishes that Fairley's federal petition was not timely filed. Fairley's petition should therefore be dismissed as time-barred.

IV.    STATUTE OF LIMITATIONS

---

[18]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[19]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Fairley's petition on April 18, 2018. Fairley signed and dated the petition on April 15, 2018, which is the earliest date appearing in the record on which he could have submitted the pleadings to prison officials for mailing.

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[20] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Fairley's conviction became final on April 6, 2015, which was 30 days after his conviction and sentence were affirmed by the Louisiana First Circuit, whose decision he did not appeal to the Louisiana Supreme Court. Applying Section 2244 literally, Fairley had one year from finality of his conviction, until April 6, 2016, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented

---

[20]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Fairley has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184

F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'").

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Fairley's case, the one-year AEDPA statute of limitations began to run on April 7, 2015, the day after his conviction was final under federal law. The AEDPA one-year limitations period then ran without interruption for more than one year, until May 2016, when he finally filed an application for post-conviction relief in the state trial court.

The record reflects that, during the more than one-year period before he challenged his conviction, Fairley successfully sought copies of the transcripts of his state court trial and sentencing. However, requests for documents and transcript copies, like those submitted by Fairley, are not other collateral review for purposes of the AEDPA tolling calculation. See Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th

-12-

Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather support and transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling). Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts).

 In addition, even the relatively short period of time that Fairley delayed past the expiration of the AEDPA statute of limitations – a little less than one month – before tolling it by filing his application for post-conviction relief in the state court does not affect the legal conclusion that his federal habeas petition is time-barred. Although Fairley's delay was not lengthy, "the magnitude of [a petitioner's] tardiness" is not a proper consideration in determining the timeliness of a federal habeas application. See Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (missing the AEDPA deadline by even one day nevertheless renders a federal petition untimely); see also In re Lewis, 484 F.3d 793, 796 (5th Cir. 2007) (authorization to file a successive habeas application denied because it was

filed one day too late). Fairley's case presents circumstances in which the Fifth Circuit "consistently ha[s] denied tolling." Lookingbill, 293 F.3d at 265.

Therefore, under the mailbox rule, Miller's federal petition, deemed filed on April 15, 2018, was filed more than one year after the AEDPA one-year statute of limitations expired on April 6, 2016 without further tolling. His federal petition was not timely and must be dismissed with prejudice for that reason.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Walter D. Fairley's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[21]

---

[21]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

New Orleans, Louisiana, this \_\_\_\_10th\_\_\_\_ day of September, 2018.

_____

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE